IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REV. AUGUSTUS SIMMONS ENOCH, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 1:19-cv-00026 ERIE |
| | ) | |
| vs. | ) | |
| | ) | RICHARD A. LANZILLO |
| DAVID PERRY, ET AL., | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Defendants | ) | |
| | ) | ORDER ON MOTION FOR TEMPORARY |
| | ) | RESTRAINING ORDER/PRELIMINARY |
| | ) | INJUNCTION |
| | ) | |
| | ) | ECF NO. 63 |

Plaintiff Augustus Simmons Enoch (Plaintiff or Simmons) has filed a Motion for Emergency Conference (ECF No. 63), which the Court has construed as a Motion for Temporary Restraining Order/Preliminary Injunction. *See* ECF No. 64. For the reasons that follow, the motion is **DENIED**.[1]

I.  Background

Plaintiff, an inmate incarcerated at the State Correctional Institution at Forest, commenced this action with the filing of a motion for leave to proceed in forma pauperis on February 8, 2019. ECF No. 2. This Court granted that motion on February 11, 2019, and his Complaint was filed the next day. ECF No. 4, ECF No. 5. The Complaint asserts claims against numerous defendants alleging violations of the Plaintiff's rights under the First and Eighth Amendments to the Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, et seq. Plaintiff's present motion, which the Court has construed as in the

---

[1] The Parties have consented to the jurisdiction of a United States Magistrate Judge. *See* ECF Nos. 23, 24, 31, 40; 28 U.S.C. § 636(c).

1

nature of a TRO/preliminary injunction motion, seeks to have the Court compel prison medical personnel to provide him with an ibuterol inhaler/asthma pump that he can retain in his cell while he remains incarcerated in the restricted housing unit (RHU) of the prison. ECF No. 63. Responding to Plaintiff's motion, Defendants assert that (1) Plaintiff's possession of an ibuterol inhaler/asthma pump in his cell is not medically necessary or appropriate as Plaintiff's medical records document that any asthma or other breathing conditions Plaintiff may experience are extremely rare, (2) an ibuterol inhaler/asthma pump is readily available to him through the medical department if his need for one arises, and (3) the items an inmate is permitted to possesses in the RHU are restricted for legitimate penological reasons. ECF No. 65.

The Court notes that Plaintiff's present motion is his second motion seeking immediate equitable relief. On February 12, 2019, he filed a motion for a temporary restraining order and preliminary injunction pertaining to his medical care and asking for accommodations for his religion. ECF No. 6. That motion raised a number of issues, including whether prison medical personnel were responding appropriately to his sick call requests he made regarding his breathing problems and asthma. The Defendants filed Responses in opposition to Plaintiff's initial motion for injunctive relief, *see* ECF Nos. 35, 36, 39, and the Court denied Simmons' motion after conducting a hearing. ECF No. 57.

II.     Standard of Review

Temporary restraining orders and preliminary injunctions are governed by the same standard. The party seeking injunctive relief has the burden of demonstrating: (1) a reasonable probability of success on the merits; (2) irreparable harm if the injunction is denied; (3) that the issuance of an injunction will not result in greater harm to the non-moving party; and (4) that the public interest would best be served by granting the injunction. *Council of Alternative Political*

*Parties v. Hooks*, 121 F.3d 876, 879 (3d Cir. 1997); *Opticians Ass'n of America v. Independent Opticians of America*, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. *Opticians*, 920 F.2d at 192 (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).

The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully litigated and determined by strictly legal proofs and according to the principles of equity. *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." *American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994) (quoting *Frank's GMC Truck Center, Inc. v. General Motor Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)). The facts clearly must support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. *United States v. Stazola*, 893 F.2d 34, 37 n. 3 (3d Cir. 1990). The plaintiff bears the burden of establishing a "clear showing of irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989); *ECRI*, 809 F.2d at 226 (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Acierno*, 40 F.3d at 655.

Moreover, in the prison context, a request for injunctive relief "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). Preliminary injunctive

relief is "not a tool for prisoners to use to regulate 'in every way, every day, the terms and conditions of plaintiff's confinement simply because they are "in court" ....'" *Stiel v. Fed. Bureau of Prisons*, 2017 WL 2656646, at *4 (D.N.J. June 19, 2017) (quoting *Muhammad v. Director of Corrections*, 2009 WL 161075, at *1 (E.D. Ca. Jan. 22, 2009)). Thus, where a plaintiff requests an injunction that would require the Court to interfere with the administration of a prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). This is because the federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Beard v. Banks*, 126 S. Ct. 2572, 2578 (2006); *Bell v. Wolfish*, 441 U.S. 520, 527 (1979).

Finally, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of the underlying claims on their merits, "the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint." *James v. Varano*, 2017 WL 895569, at *3 (M.D. Pa. Mar. 7, 2017). In other words, "there must be a connection between the underlying complaint and the relief requested in the motion for a preliminary injunction." *Id*. (citing *Ball v. Famiglio*, 396 Fed. Appx. 836, 837 (3d Cir. 2010)). A district court "should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside

the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

III. Analysis

Like his earlier motion, Simmons' current motion claims that prison medical personnel are "denying [him] access to a[n] inhaler or a refill of a[n] for a[n] inhaler." ECF No. 63, p. 1. He alleges that Defendants are either lying or contradicting themselves as to when and how often they provided him with an inhaler to treat his life-long asthmatic condition. *Id*. He claims their actions are "inconsistent with [his] medical records." *Id*. He asks for an order that the Defendants provide him with an inhaler "before he has a[n] asthma attack that could be fatal." *Id*. Following an evidentiary hearing on his first motion, this Court determined that Defendants were not denying Simmons appropriate access to an inhaler to treat his asthma. *See* ECF No. 57, p. 5.

At the prior hearing, the Court noted that Simmons "acknowledged that he has been provided with an appropriate ibuterol inhaler/asthma pump and that no one is denying him use of that device as needed for his asthma." *Id*. Simmons' instant motion argues that he is still being denied access to an asthma inhaler because he is not permitted to keep one in his cell and on his person. ECF No. 63, p. 1. Defendants admit that while Simmons continues to have access to an inhaler, he is not permitted to have one in his cell. ECF No. 65, p. 6. This is because prisoner medical personnel have determined that he does not need one.

Updated medical records filed by the Defendants reveal:
1. On July 17, 2019, Simmons was seen through his cell door in the RHU by Andrew Leslie, a certified registered nurse practitioner. ECF No. 65-1, p. 9.

5

2. At this time of this visit, Leslie noted that Simmons was not in any apparent distress and that his previous prescription for an inhaler was discontinued because Simmons was not using it. *Id*. Leslie noted that prison medical records indicated that Simmons had only been prescribed one inhaler in the past year and therefore it was unnecessary for him to have one in his cell. *Id*. And Leslie told Simmons that if he had any difficulty breathing, he could return to sick call. *Id*.

3. Simmons was again seen by Leslie on July 26, 2019. *Id*. at 7-8. Simmons again requested an inhaler and claimed that he had previously received one every month. Leslie noted that the medical records indicated otherwise. *Id*. Records showed that Simmons only received one inhaler in the last year. *Id*. Leslie noted that during their meeting, Simmons was standing at his cell door, arguing with Leslie and not evidencing any apparent distress. *Id*. Leslie again explained that Simmons could return to sick call as needed. *Id*. at 7.

These medical records reveal that Simmons is not being denied an inhaler and further that prison medical staff have determined that retaining one in his cell is not medically necessary. During his last visit by medical personnel, Simmons was exhibiting no signs or symptoms that he needed an inhaler in his cell. And Simmons did not report experiencing an asthma attack. Thus, because Simmons has demonstrated only a periodic need for an asthma inhaler, medical personnel have determined it is unnecessary for him to have one in his cell.

Once again, Simmons has the burden to show that he is entitled to preliminary injunctive relief and he has failed to carry that burden. His current motion proffers no facts to demonstrate a likelihood of success on the merits of his claims against these Defendants, particularly in light

of the evidence adduced at the hearing on his prior motion.[2] Because it appears on this record that he has not been deprived of his inhaler, and that one is available to him as needed, he is unlikely to succeed on the merits of his claim that he has been unconstitutionally deprived of this medical device/prescription.

So ordered.

						_____
						RICHARD A. LANZILLO
						United States Magistrate Judge

Entered this 16th day of August, 2019.

---

[2] Having concluded that the Plaintiff has failed to demonstrate a likelihood of success on the merits of his claims, the Court need not discuss the remaining equitable factors. *See Otsuka Pharmaceutical Co. Ltd., v. Torrent Pharmaceuticals Ltd.*, 99 F. Supp. 3d 461, 505 n.45 (D.N.J. 2015) (citing *McDavid Knee Guard, Inc. v. Nike USA, Inc.*, 683 F.Supp.2d 740, 744 (N.D. Ill. 2010) ("If the moving party fails to demonstrate either [likelihood of success or irreparable harm], then a district court considering a motion for preliminary injunction need not proceed further with its analysis to deny the preliminary injunction motion.")).