IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REV. AUGUSTUS SIMMONS ENOCH,   ) | Civil Action No. 1:19-cv-00026 (Erie) |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | RICHARD A. LANZILLO |
| ) | United States Magistrate Judge |
| ) | |
| DAVID PERRY, ET AL.,   ) | |
| ) | |
| Defendants   ) | |

**MEMORANDUM AND ORDER**

By prior order, this matter was administratively closed on account of Plaintiff's inability to complete the discovery process due to a medical condition.  *See* ECF No. 123.  Plaintiff has now notified the Court that he is able to continue with discovery (ECF No. 125) and the Clerk of Court is hereby directed to re-open this case.

Plaintiff has also filed a Motion to take Depositions (ECF No. 124) of Defendants Lamoreaux, Sutterlander, Wingard, Rand, Maxa, Smith, Prinkey, Hill, Bell, Leslie, Kellerman and a non-party, Carter.  Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

To the extent that Plaintiff is moving to take the oral depositions of these Defendants as well as the deposition of a non-party, the request is **GRANTED** and he may do pursuant to dictates of Federal Rule of Civil Procedure 30, in strict compliance with that Rule.  This includes Plaintiff providing proper notice to the Defendants.  *See* Fed. R. Civ. P. 30(b)(1).

To the extent that Plaintiff is requesting that the Court or Defendants arrange for or notice the depositions, the request is **DENIED**, as arranging the depositions is Plaintiff's responsibility under Rule 30.  To the extent that Plaintiff is requesting that Defendants or the Court pay the fees associated with engaging a court reporter or the preparation of deposition transcripts, the request is **DENIED**.  *See* Fed. R. Civ. P. 30(b)(3)(A).

1

It is not incumbent upon the Court, or the Defendant, to assume responsibility, logistically or financially, for the depositions Plaintiff wishes to conduct.  *See*, *e.g.*, *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994).  "There is no provision in 28 U.S.C. § 1915 for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."  *Ball v. Struthers*, Civil No. 1:11-CV-1265, 2011 WL 4891026 at *1 (M.D.Pa. Oct. 13, 2011), *cited with approval by Huertas v. Beard*, 1:10-CV-10, 2012 WL 1564513 (W.D. Pa. May 2, 2012).  In light of the expense of oral depositions and logistical difficulties presented to an inmate it is often preferable for inmates to seek discovery through depositions by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure.

Finally, and upon the reopening of this case by the Clerk of Court, the deadline for completion of discovery will be extended forty-five days so that Plaintiff may attempt to complete the depositions ordered herein.  Other relevant deadlines will be readjusted as necessary.

**AND NOW,** this 5th day of March, 2021, **IT IS HEREBY ORDERED** that Plaintiff's motion is granted in part and denied in part as explained above.

_____
**RICHARD A. LANZILLO**
**United States Magistrate Judge**