IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Augustus Simmons Enoch, ) | |
| ) | |
| Plaintiff ) | Case No. 1:19-cv-00026 (Erie) |
| ) | |
| vs. ) | |
| ) | RICHARD A. LANZILLO |
| David Perry, et al., ) | UNITED STATES MAGISTRATE JUDGE |
| ) | |
| Defendants ) | |
| ) | O R D E R |

Plaintiff's Motion to Compel Discovery (ECF No. 126) is GRANTED, in part, and DENIED, in part. The discovery requests that are the subject of Plaintiff's motion are addressed below.

Request No. 1 seeks the "name, ingredient(s), and operation manual for Oleoresin Capsicum (OC) spray." In response to this request, the Defendants produced a material safety data sheet (MSDS) for OC spray, but Plaintiff advises that Defendants redacted certain information from the document. Because Plaintiff did not include a copy of the redacted MSDS with his motion, he has not properly challenged the Defendants' redactions. The Court therefore finds that production of the MSDS is a sufficient response. The Court also notes that the MSDS for OC spray appears to be available on the internet. Further, the Court reminds Plaintiff that his claim regarding OC spray focuses on whether its use represented excessive force under the circumstances and, if so, what injuries or damages Plaintiff sustained as a result.[1] The chemical components of OC spray are of minimal relevance to the claim.

---

[1] O.C. Spray may be used in prisons so long as that use is consistent with the Eighth Amendment. *See, e.g., Banks v. Mozingo*, 423 Fed. Appx. 123, 126-27 (3d Cir. 2011) (noting that the use of pepper spray or mace "does not in itself amount to an Eighth Amendment violation"); *Jackson v. Beard*, 2016 WL 3621279, at *8 (M.D. Pa. Mar. 31, 2016) ("[C]ourts have consistently found that an isolated discrete use of pepper spray does not state an Eighth Amendment claim.").

Request No. 2 seeks a copy of the "official contract of Oleoresin Capsicum from the manufacture with the Department of corrections." Defendants responded to this request by indicating that "contracts" were "attached," but Plaintiff asserts that no contracts were included in the documents he received. Although the Court questions whether the subject contract or contracts are relevant to the claims or defenses in this case, it will direct Defendants to mail a duplicate copy of the document or documents referenced in its response to Plaintiff within 20 days of the date of this Order.

Request No. 3 seeks "DC-ADM 13.1.1 management and administration of health care policy." Request No. 4 seeks "DC ADM 13.2.1 Access to health care policy." Defendants objected to both requests as overbroad as to time. The Court agrees that the requests as stated are overly broad and vague as to date. The Court also finds that the Defendants have reasonably interpreted the scope of the requests and appropriately responded by producing documents limited to the period September 25, 2018 through September 25, 2019, which corresponds to the timeframe at issue in this case. Finally, the Court notes that the relevance of the documents requested is questionable at best. Defendants' compliance or non-compliance with DOC policies is not at issue, "because we are not concerned with the possible violation of internal prison policy but rather the alleged violation of Plaintiff's federal constitutional rights, which exist quite independently of" prison policies. *Bracey v. Harlow*, 2013 WL 153312, at *5 (W.D. Pa. Jan. 15, 2013) (citing *Huertas v. Beard*, 2012 WL 3096430 (W.D. Pa. July 30, 2012)). "It is the Defendants' actual practices ..., and not the language of the Policy itself, which must be judged against Eighth Amendment standards, and Plaintiff can attest to those actual practices based upon his own observations." *Id.*

Request Nos. 7, 8, 16, and 18 seek copies of various medical records regarding Plaintiff. Defendants have objected that Plaintiff may review and obtain copies of his medical record by requesting the same through his correctional institution and that this burden is more appropriately

upon Plaintiff rather than on Defendants. Plaintiff's motion represents that he has made such a request to SCI-Greene three- and one-half months ago but has received no response. Other than the bald assertion in his motion, Plaintiff has provided no support for this representation. The Court therefore denies his motion compel production of these documents. Plaintiff may renew his motion as to these documents upon a showing that he has properly requested the subject records through prison procedures and been denied access to or the ability to copy the records.

Request No. 10 requests "photos, and video of cell extraction named in this Complaint…on 9-26-2018." In response, Defendants represent that they attached photos, which Plaintiff does not dispute. However, Defendants response further state that "Plaintiff may have access to the videos by submitting an inmate request to the Superintendent's Assistant at SCI-Greene" and that "Plaintiff will be given a reasonable amount of time to watch the videos but cannot make a copy." Plaintiff's motion asserts that the Superintendent has not allowed him to watch the videos. Plaintiff's motion to compel regarding this request is granted. The Court directs Defendants to confirm with appropriate personnel at SCI-Greene that Plaintiff will be provided a reasonable opportunity to view the videos. This should occur within 30 days of the date of this Order barring an unavoidable intervening event such as a quarantine or lockdown at the institution.

Request No. 11 requests a copy of the DOC "Food Service Provider budget for 2018-2020." Defendants did not object to this request. Instead, they responded that the budgets were attached. Plaintiff represents that none were included in the documents he received. Defendants are directed to mail duplicates of the budgets referenced in their response to Plaintiff within 20 days of the date of this Order.

Request No. 12 seeks "religion, and Chaplain depts yearly spending and budge for 2018 to 2020, and what items this money is spent on." Defendants objected to the breath of this request but, subject to their objections, represented that they were producing "expenses for SCI-Forest."

3

Plaintiff's motion does not challenge Defendants' objection. Instead, Plaintiff represents that no expenses were included in the documents he received. Defendants are directed to mail duplicates of the document or documents referenced in Response No. 12 to Plaintiff within 20 days of the date of this Order.

Request No. 15 seeks a copy of the "Food Service contract for Aramark." Defendants respond that the "contract between DOC and Aramark is a total of 2,423 pages" and describes the process whereby Plaintiff may request and obtain a copy of the contract at his expense. Having considered the relative burdens of procuring a copy of the contract, its highly questionable relevance to the claims and defenses in this action, as well as issues of proportionality, the Court denies Plaintiff's motion to compel Defendants to produce it. Plaintiff may seek a copy of the contract at his own expense through the process described by Defendants.

Request No. 17 seeks "religious record in the DOC for 2020." Defendants object to this request as overly broad in that it does not limit the inmates who are the subject of the request or the timeframe for the request. They also object that the request is unclear as to what type of record Plaintiff is seeking. These objections are well-taken and the motion to compel regarding this request is therefore denied. Although Plaintiff attempts to significantly amend his request in his motion to compel, the Court finds that he is asserting in substance a new request. This should be directed to Defendants in a proper interrogatory or request for production of documents and will not be entertained in the first instance on a motion to compel.

So ordered this 9th day of March, 2021.

_____
RICHARD A. LANZILLO
United States Magistrate Judge